IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERFECT BROW ART, INC., ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | Judge: |
| v. ) | |
| ) | Magistrate Judge: |
| AHLAM RAMZY and GLITZY BROWS, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, Perfect Brow Art, Inc., by and through its attorneys, alleges against Defendant Ahlam Ramzy and Defendant Glitzy Brows (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. This action seeks declaratory relief, compensatory damages, punitive damages, and attorney's fees and costs for breach of contract and relevant claims arising from a business relationship between Perfect Brow Art, Inc. and Ahlam Ramzy.

2. This action further seeks preliminary and permanent injunctive relief and damages pursuant to the Lanham Act (15 U.S.C. §1125 *et. seq.*); the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et. seq.*); and, for trade dress infringement and unfair competition pursuant to Illinois common law. This action also seeks a declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201).

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et. seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois

pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contact with this district generally and, in particular, with the events here alleged, including, but not limited to its business activities involving the advertising and sale of its goods and/or services over the Internet to the citizens of Illinois, so as to subject it to both personal jurisdiction this court and to make this Court a proper venue pursuant to 28 U.S.C. §1391.

## THE PARTIES

5. Plaintiff, Perfect Brow Art, Inc. ("Plaintiff"), is an Illinois corporation with its principal place of business at 3223 Lake Ave., Suite 15C, Wilmette, Illinois 60091. Plaintiff provides eyebrow, facial, and body threading and related services within the United States and abroad. Plaintiff is the owner of several famous United States Patent and Trademark Office Trademark Registrations.

6. Ahlam Ramzy ("Ramzy") is an individual residing in Tennessee. Upon information and belief, Ramzy has full ownership interest in Glitzy Brows (collectively "Defendants").

7. Ramzy was formerly employed by Plaintiff as an at will employee.

8. Glitzy Brows does business in Tennessee with a principal place of business at 4626 Lebanon Pike, Hermitage, Tennessee 37076. Glitzy Brows also provides eyebrow, facial, and body threading and related services within the United States.

## STATEMENT OF FACTS

### Plaintiff's Trademarks, Trade Dress, and Associated Rights

9. Plaintiff is the owner of the United States Trademark Registration Nos. 3931415 and 4240478 for the mark BROW ART 23 for use in connection with "facial and body threading, namely, hair removal

service in conjunction with the use of a thread from eyebrows, chin, upper and/or lower lip, forehead, arms, legs, back, and chest area" in International Class 44. **Exhibit A and B respectfully.**

10. Plaintiff is the owner of the United States Trademark Registration No. 4373078 for the mark BROW ART for use in connection with "hair removal services in the nature of facial and body threading" in International Class 44. (Registration Nos. 3931415, 4240478 and 4373078 collectively referred to as "the Plaintiff's Registrations" or "Plaintiff's Marks".) **Exhibit C.**

11. Plaintiff's Registrations are valid, subsisting, and in full force and effect, and constitute evidence of validity of the Marks and of Plaintiff's exclusive right to use the marks in connection with the services identified in the registration.

12. Plaintiff has used the BROW ART 23 and BROW ART marks in the U.S. since at least as early as May of 2008 with regard to the above iterated services, and continues to use and promote the Plaintiff's Marks in connection with such services.

13. Plaintiff is also the owner of a United States pending trade dress application filed on June 25, 2018 for the design, style, look, and overall visual appearance of Plaintiff's stores, which offer, without limitation, the above iterated services. (Serial No. 88013450 hereinafter referred to as "Plaintiff's Trade Dress" or "Plaintiff's Dress"). **Exhibit D.**

14. Plaintiff has used the design of its Brow Art stores in the U.S. since at least as early as 2007 with regard to the style, look, and overall visual appearance, and continues to use and promote the Plaintiff's Trade Dress in connection to the above iterated services.

15. Plaintiff has spent a considerable amount of money, time, and energy on the style, look, and overall visual appearance of its Brow Art stores, advertisements and promotions of its services. The unique trade dress has become associated with the success of Plaintiff's products and/or services in

the minds of the relevant customers and as a result a significant amount of goodwill has attached to the Plaintiff's Trade Dress, making it a valuable and irreplaceable asset of Plaintiff's business.

16. The Trade Dress is entitled to a broad scope of protection by virtue of Plaintiff's continuous, exclusive and widespread use of the Marks and Trade Dress for nearly ten years.

17. As a result of longstanding and extensive use in commerce and wide recognition among the purchasing public, Plaintiff's Trade Dress have become distinctive as an indication of the source of such branded goods and services.

18. Notwithstanding Plaintiff's rights in and to the Trade Dress, upon information and belief, in May of 2017, Defendants began using a nearly identical design, style, look, and overall appearance in connection to eyebrow, facial, and body threading. A photographic comparison of Plaintiff's salon and the Glitzy Brow salon opened by Defendant Ramzy are attached as **Exhibit E.**

19. Upon information and belief, as a former employee of Plaintiff, Defendant Ramzy has been on notice of Plaintiff's exclusive rights in the Plaintiff's Trade Dress at least since the year of 2017.

20. Upon information and belief, Defendant Ramzy was a former employee of a store owned by Plaintiff which was closing and Defendant Ramzy, without permission, took the remaining furniture, including but not limited to, mirrors, service chairs, chandeliers, framed pictures, check out station, couches, and guest chairs (collectively "stolen property").

21. Upon information and belief, Defendant Ramzy then implemented and improperly used the stolen property and Plaintiff's colors specific to Plaintiff's brand and recognition for the commercial benefit of Defendant Glitzy Brows.

22. Defendants' improperly use the Plaintiff's Trade Dress. This use is such as to create a likelihood of confusion regarding the source or origin of Defendants' services. This use falsely implies that the Defendants' services are rendered with Plaintiff's consent to and involvement therewith. This use also

falsely implies approval, affiliation, and/or sponsorship between Plaintiff and Defendants where there is none.

23. The use of the Plaintiff's Trade Dress by Defendants is diluting the famous and distinctive quality of that Trade Dress and impairing Plaintiff's ability to obtain contracts with third parties in the future.

24. Defendants knowingly, willfully, and intentionally infringed Plaintiff's Trade Dress and the rights afforded by Plaintiff's Registrations.

25. On information and belief, Defendants have received profits from its infringing use of Plaintiff's Trade Dress.

26. Upon information and belief, Defendants knew of Plaintiff's Trade Dress at the time or before it adopted its trade dress.

27. Discovery or further investigation is likely to show evidentiary support that the Defendants are taking affirmative steps to increase that use dramatically in connection with goods and/or services related to hair removal in the nature of facial and body threading.

### Plaintiff's Trade Secrets and Misappropriation thereof

28. Plaintiff owns certain trade secrets, including but not limited to, technical and non-technical data, techniques, processes, financial data, client lists, and business records ("Trade Secrets and Confidential Information").

29. Plaintiff's Trade Secrets and Confidential Information are the subject of efforts that are reasonable under the circumstances to maintain their secrecy and confidentiality.

30. In August 2015, Plaintiff hired Defendant Ramzy as an at-will employee.

31. In line with Defendant Ramzy's duties, she had access to Plaintiff's Trade Secrets and other confidential information of Plaintiff.

32. Upon information and belief, Defendant Ramzy acquired, copied, removed, transferred, and shared Plaintiff's Trade Secrets to Defendant Glitzy Brows for Glitzy Brow's economic gain and to the economic detriment of Plaintiff.

33. Upon information and belief, Defendant Glitzy Brows has incorporated Plaintiff's Trade Secrets and Confidential Information into the operations, processes, procedures, and services of Defendant Glitzy Brows.

### Plaintiff and Defendant Ramzy's Contractual Relationship

34. Upon information and belief, on August 22, 2015 ("Employment Contract"), Plaintiff and Defendant Ramzy had entered into a contract regarding defendant Ramzy's at will employment with Plaintiff. By the terms of this contract, Defendant Ramzy was not to communicate, divulge, or use any of the Plaintiff's Trade Secrets or other Confidential Information for any reason other than the sole exception of benefitting Plaintiff. **Exhibit F.**

35. Upon information and belief, upon employment termination, the Employment Contract bounded Defendant Ramzy to a covenant not to compete with Plaintiff, without limitation, in the business of eyebrow, facial, and body threading and related services within the United States and abroad.

36. Plaintiff performed its obligations under the Employment Contract.

37. Defendant Ramzy failed to perform its obligations under the Employment Contract. Defendant Ramzy failed to take all steps reasonably necessary and/or requested by Plaintiff to ensure that the Trade Secrets and other Confidential Information were kept confidential. Defendant Ramzy further violated the non-compete provision by opening a business of eyebrow, facial, and body threading and related services within the United States.

38. Upon information and belief, Defendants have been using Plaintiff's client lists, trade secrets, and business records to solicit customers.

39. Defendant Ramzy's failures to perform the terms of the Employment Contract constitutes a material breach of said contract.

## COUNT I: ILLINOIS TRADE SECRETS ACT
## MISAPPROPRIATION OF PLAINTIFF'S TRADE SECRETS AND UNJUST ENRICHMENT

40. Plaintiff hereby realleges and reaffirms paragraphs 1 through 39 of this complaint, as if the same were herein set forth verbatim.

41. The aforesaid wrongful acts of Defendants constitute trade secret misappropriation and unjust enrichment under the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq*.

## COUNT II: FEDERAL TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

42. Plaintiff hereby realleges and reaffirms paragraphs 1 through 41 of this complaint, as if the same were herein set forth verbatim.

43. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's non-descriptive and non-functional Trade Dress without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights under 15 U.S.C. § 1125(a) by their unauthorized use of the Plaintiff's Trade Dress in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff's and Defendants' services and/or that Plaintiff has sponsored or endorsed Defendants' sale of services.

44. Defendants' actions have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's Trade Dress.

45. By reason of Defendants' acts as above alleged, Plaintiff has suffered and continues to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenue and profits in an indeterminate amount.

46. Unless enjoined by this Court, Defendants will continue to do the acts complained of herein all to the immediate, irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law.

### COUNT III: UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

47. Plaintiff hereby realleges and reaffirms paragraphs 1 through 46 of this complaint, as if the same were herein set forth verbatim.

48. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's non-descriptive and non-functional Trade Dress without permission, and willfully, knowingly, and intentionally engage in unfair competition and deceptive trade practices under federal law (15 U.S.C. § 1125(a)) by their unauthorized use of Plaintiff's Trade Dress.

49. Defendants' actions have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's Trade Dress.

50. By reason of Defendants' acts as above alleged, Plaintiff has suffered and continues to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenue and profits in an indeterminate amount.

51. Unless enjoined by this Court, Defendants will continue to do the acts complained of herein all to the immediate, irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law.

### COUNT IV: ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

52. Plaintiff hereby realleges and reaffirms paragraphs 1 through 51 of this complaint, as if the same were herein set forth verbatim.

53. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's Trade Dress without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of the Plaintiff's Trade Dress in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff and Defendants

services and/or that Plaintiff has sponsored or endorsed Defendants' sale of services under Plaintiff's Trade Dress.

54. Defendants' conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and Plaintiff's products/services.

55. As such, Defendants' conduct constitutes deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et. seq.*

56. Upon information and belief, by its acts, Defendants made and will make substantial profits and gains to which it is not in law or equity entitled.

57. By reason of Defendants' acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous trade dress.

58. Unless Defendants are enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

### COUNT V: ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES

59. Plaintiff hereby realleges and reaffirms paragraphs 1 through 58 of this complaint, as if the same were herein set forth verbatim.

60. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's Trade Dress without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of the Plaintiff's Trade Dress in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff and Defendants services and/or that Plaintiff has sponsored or endorsed Defendants' sale of services.

61. Defendants' conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of Plaintiff.

62. As such, Defendant's conduct constitutes deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.*

63. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

64. By reason of Defendants' acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous trade dress.

65. Unless Defendants are enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## COUNT VI: COMMON LAW TRADE DRESS INFRINGEMENT

66. Plaintiff hereby realleges and reaffirms paragraphs 1 through 65 of this complaint, as if the same were herein set forth verbatim.

67. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's Trade Dress without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of the Plaintiff's Trade Dress in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff and Defendants services and/or that Plaintiff has sponsored or endorsed Defendants' sale of services.

68. Defendants' conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of Plaintiff.

69. As such, Defendant's conduct constitutes unfair competition and trade dress infringement in violation of the common law of Illinois.

70. Upon information and belief, by its acts, Defendants have made and will make substantial profits and gains to which it is not in law or equity entitled.

71. By reason of Defendants' acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous trade dress.

72. Unless Defendants are enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## COUNT VII: BREACH OF CONTRACT

73. Plaintiff hereby realleges and reaffirms paragraphs 1 through 72 of this complaint, as if the same were herein set forth verbatim.

74. Although Plaintiff met its obligations under the August 22, 2015, Defendant Ramzy failed to meet its obligations.

75. Defendant Ramzy's failure to meet its obligations under the August 22, 2015 contract constitutes a material breach of said contracts to which Plaintiff should be made whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Perfect Brow Art, Inc., respectfully requests that the Court:

A. Find that the Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants haves engaged in deceptive acts and practices under Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); (iii) Defendants have violated the Illinois Consumer Fraud and Deceptive Business Practices Act, (815 ILCS

505/1 *et. seq.*); and (iv) Defendants have engaged in trade dress infringement and unfair competition under the common law of Illinois;

    B.    Grant an injunction permanently enjoining and restraining the Defendants, their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, from:

        a.    Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, using or displaying hair removal services in the nature of facial and body threading or any other product or services using any dress confusingly similar to Plaintiff's Trade Dress; and

        b.    making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of hair removal services in the nature of facial and body threading or any other product or services using any trade dress confusingly similar to Plaintiff's Trade Dress; and

        c.    engaging in any other activity constituting infringement of Plaintiff's Trade Dress, or unfair competition with Plaintiff.

    C.    Direct that Defendants, at their own expense, recall all of their product and marketing, promotional, and advertising material, which bears or incorporates the Plaintiff's Trade Dress, or any designations confusingly similar to Plaintiff's Trade Dress.

    D.    Require Defendants to deliver to Plaintiff's attorneys or representatives for destruction or other disposition all remaining products, labels, signs, prints, and advertisements in its possession or under its control bearing the Plaintiff's Trade Dress, or any designations confusingly similar to Plaintiff's Trade Dress;

E. Direct that Defendants file with the Court and serve on the Plaintiff's counsel a report in writing and under oath setting forth in detail the manner in which they have complied with any temporary restraining order, or preliminary or permanent injunction entered herein within thirty (30) days of receipt of service of any such order or injunction;

F. Order an accounting of Defendants' profits and award Plaintiff its actual and/or statutory damages including increased damages for willful violation of rights.

G. An award of damages of the actual loss caused by the misappropriation of Plaintiff's Trade Secrets and the unjust enrichment caused by the misappropriation under 765 ILCS 1065/4(a);

H. An exemplary award of damages for the willful and malicious misappropriation of Plaintiff's Trade Secrets under 765 ILCS 1065/4(b).

I. Direct that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in violation of breach of contracts, 15 U.S.C. § 1125, 815 ILCS 510/1 *et. seq.*, 815 ILCS 505/1 *et. seq.*, and other applicable laws.

J. Direct such other relief as the Court may deem appropriate to prevent the public from being misled or deceived.

K. Find that the Defendants have breached its contract with the Plaintiff and as such, award general compensatory damages, statutory damages, punitive damages, and attorney's fees and costs in this action to the Plaintiff as a matter of law.

L. Direct that Defendants return of all stolen property.

M. Grant to Plaintiff such other and further relief as may be just and appropriate.

**JURY DEMAND**

Plaintiff, Perfect Brow Art, Inc., demands a trial by jury of all issues triable to a jury in the above action.

Respectfully submitted,

PERFECT BROW ART, INC.

Date: July 2, 2018   By:   /s/ Michele S. Katz
One of its attorneys
Michele S. Katz, Esq.
Advitam IP, LLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
Phone: (312) 332-7710
Fax:    (312) 332-7701
mkatz@advitamip.com