# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PERFECT BROW ART, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 4594 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| AHLAM RAMZY and GLITZY BROWS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, the Court grants defendants' motion to dismiss the First Amended Complaint.

## BACKGROUND

Plaintiff, Perfect Brow Art, Inc. ("Perfect Brow"), which provides eyebrow, facial, and body threading (hair removal) services, brought this action against Ahlam Ramzy, its former employee, and Ramzy's business, Glitzy Brows, which also provides threading services. Plaintiff alleges that after Ramzy's employment with plaintiff ended, she improperly used plaintiff's trade dress and confidential information to start a competing business, in violation of her employment contract. Plaintiff asserts claims for trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); common-law trade dress infringement; breach of contract; violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*; violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*; and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

Subject-matter jurisdiction is based on both diversity of citizenship and the presence of a federal question. Plaintiff is a corporation incorporated in Illinois with a principal place of business

in Illinois. Ramzy is domiciled in Tennessee. Glitzy Brows, which operates a salon located in Tennessee, is a corporation incorporated in Tennessee with a principal place of business in Tennessee.

Defendants assert that this Court lacks personal jurisdiction over them, that the Northern District of Illinois is an improper venue, and that plaintiff fails to state a claim. The Court limits its analysis to the personal-jurisdiction issue because it is dispositive.

**DISCUSSION**

The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). When a court relies solely on written materials to rule on a motion under Rule 12(b)(2), the plaintiff's burden is to establish a prima facie case of personal jurisdiction. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). "[U]nder the prima facie standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." *Id.*

The Lanham Act does not authorize nationwide service of process, so a federal court sitting in Illinois may exercise jurisdiction over defendants only if authorized both by Illinois law and by the United States Constitution. *See be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge."

*uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (citing, *inter alia*, 735 ILCS 5/2-209(c)).

Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts with the forum state. *Id.* Plaintiff relies only on specific jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; those contacts must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). Specific jurisdiction lies only where the defendant's suit-related conduct creates a "substantial connection" with the forum state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). "There are various formulations of the standard for establishing specific personal jurisdiction, but they may be condensed to three essential requirements: (1) the defendant must have purposefully availed [her]self of the privilege of conducting business in the forum state or purposefully directed [her] activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citations omitted).

In support of her motion to dismiss for lack of personal jurisdiction, Ramzy states that she has never set foot in Illinois and has never done business in Illinois. (ECF No. 21 at 25, Aff. of Ahlam Ramzy ¶¶ 9, 13.) In 2015, she sought employment with Perfect Brow 23 at a location in Tennessee; she did not call Illinois to seek employment. (*Id.* ¶¶ 2-3.) Ramzy came in contact with an employee of Perfect Brow 23 in Tennessee named Magda Magle, who interviewed her and offered her a job. (*Id.* ¶¶ 4-6.) Ramzy was given a phone number, evidently of plaintiff's corporate offices, to call about setting her salary, but Ramzy was unaware that she was calling an Illinois

3

number. (ECF No. 21, Defs.' Mot. Dismiss at 5-6; Ramzy Aff. ¶ 10.) Ramzy's work schedule was determined at her store location in Tennessee, and plaintiff's corporate offices were not involved in making that schedule. (Ramzy Aff. ¶¶ 7-8.) Her entire employment with plaintiff took place in Tennessee. (*Id.* ¶ 11.)

In response, plaintiff relies on the following contacts between Ramzy and Illinois. In 2015, Ramzy sought employment with plaintiff and entered into a Nondisclosure and Non-Competition Agreement (the "Agreement") with plaintiff. (ECF No. 30-1, Decl. of Elizabeth Gorgees-Porikos ¶ 2; ECF No. 30-3, Agreement.) Ramzy never terminated her employment with plaintiff, but instead told the regional manager that she was going on vacation in August 2018 and never returned to work for plaintiff. (Gorgees-Porikos Decl. ¶ 3.) For the duration of her employment with plaintiff, Ramzy received payments and tax statements from plaintiff's corporate headquarters in Illinois, which bore plaintiff's address in Wilmette. (*Id.* ¶ 4; ECF No. 30-2.) Plaintiff does not submit any evidence regarding any contacts between Illinois and the corporate defendant, Glitzy Brows.

Plaintiff seems to treat as dispositive the fact that the Agreement contains a provision stating that "[i]t is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible under Illinois laws." (Agreement at 3.) Plaintiff concedes that this provision "does not specifically state the forum for any future litigation," but contends that it, along with the fact that plaintiff is an Illinois entity, "leads to the presumption that Ms. Ramzy consented to jurisdiction before this Court." (ECF No. 30, Pl.'s Resp. at 7.) Plaintiff fails to explain why a choice-of-law provision in a contract with an entity incorporated in Illinois leads to such a presumption, and it cites no authority that supports this proposition. Choice-of-law and forum-selection provisions are regarded as distinct issues that require separate analyses. *Prime Leasing, Inc. v. Jackson-Madison Cty. Gen. Hosp. Dist.*, No. 91 C 5726, 1992 WL 80410, at *5 (N.D. Ill. Apr.

4

7, 1992) ("[T]o hold that a court has the power to exercise jurisdiction over a non-resident defendant because of [a choice-of-law] provision in a form lease is tantamount to holding that choice of law equals consent to personal jurisdiction, when in fact the two concepts are distinct.") (internal quotation marks and citation omitted); *In re Marriage of Walker*, 678 N.E.2d 705, 708 (Ill. App. Ct. 1997). Although the Court will consider the provision as one factor in its analysis of plaintiff's contract claim, *see Prime Leasing*, 1992 WL 80410, at *6-7, it does not lead to a presumption that Ramzy waived a challenge, or consented, to personal jurisdiction in Illinois.

The minimum-contacts analysis varies depending on the type of claim alleged. *See Felland*, 682 F.3d at 674 ("[T]he nature of the purposeful-direction/purposeful-availment inquiry depends in large part on the type of claim at issue."); *Tamburo v. Dworkin*, 601 F.3d 693, 702-03 (7th Cir. 2010). Here, plaintiff asserts a contract claim against Ramzy and several business torts against both defendants. The Court will analyze the contract and tort claims separately.

Personal jurisdiction for a contract claim "generally turns on whether the defendant purposefully availed [her]self of the privilege of conducting business in the forum state." *Felland*, 682 F.3d at 674. It is well established that the mere existence of a contract between an out-of-state defendant and an in-state plaintiff is insufficient, by itself, to justify personal jurisdiction. *Centurion Serv. Grp., LLC v. SBMC Healthcare, LLC*, 944 F. Supp. 2d 617, 625-26 (N.D. Ill. 2013) (citing, *inter alia, Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). In determining whether there were sufficient minimum contacts where parties have a contract, courts consider the parties' prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing, but they do not count the "unilateral activity" of a plaintiff that has a relationship with the out-of-state defendant. *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 761-62 (7th Cir. 2008).

5

Aside from the existence of the Agreement between plaintiff and Ramzy, the only evidence plaintiff submits that pertains to the relevant factors is that the Agreement contained an Illinois choice-of-law provision (as the Court discussed above) and that Ramzy was employed by plaintiff for about three years. Ramzy submits unrebutted evidence that she did not work in Illinois, never visited Illinois, and made only one phone call to plaintiff in Illinois (that is, according to Ramzy; plaintiff submits no evidence concerning the call). There is no evidence that Ramzy had any contact with Illinois during her employment, and none of the acts forming the basis of her alleged contractual liability to plaintiff occurred in Illinois. It cannot be said that the dealings between plaintiff and Ramzy have the required "substantial connection" to Illinois. Even if the Court could also consider plaintiff's unilateral activity of issuing Ramzy's paychecks and tax statements from its office in Illinois, these contacts are too attenuated to establish personal jurisdiction over Ramzy in Illinois on plaintiff's contract claim. *See, e.g., Tower Commc'ns Expert, LLC v. TSC Constr., LLC,* No. 18 C 2903, 2018 WL 5624268, at *6 (N.D. Ill. Oct. 30, 2018) (dismissing, for lack of personal jurisdiction, Illinois entity's claims for breach of employment contract against nonresident individual defendants where contracts had Illinois choice-of law provisions but defendants performed the contracts outside of Illinois and the conduct constituting the alleged breaches occurred outside Illinois); *Lakeview Tech., Inc. v. Vision Sols., Inc.*, No. 05 C 7209, 2007 WL 79246, at *8 (N.D. Ill. Jan. 9, 2007) (holding that plaintiff failed to establish personal jurisdiction in Illinois over individual defendant with respect to claim for breach consulting agreement where contract had an Illinois choice-of-law provision but was negotiated over the phone; defendant had performed the contract outside of Illinois; and defendant had visited Illinois for work only four times).

As for plaintiff's tort claims, the Court looks at whether the defendants' suit-related tortious conduct is connected to the forum state in a meaningful way. *Walden*, 571 U.S. at 286-90; *Ariel*

6

*Invs., LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018). "The connection must be of the defendant's creation, not of the plaintiff's." *Ariel*, 881 F.3d at 522. "It is not enough that a defendant know that any injury resulting from alleged tortious conduct would be felt in the forum state." *Green Light Nat'l, LLC v. Kent*, No. 17 C 6370, 2018 WL 4384298, at *3 (N.D. Ill. Sept. 14, 2018); *see also Ariel*, 881 F.3d at 522 ("Knowing about a potential for harm in a particular state is not the same as acting *in* that state—and it takes the latter to permit personal jurisdiction under state law.")).

In its tort claims, plaintiff alleges that defendants misappropriated its trade secrets, including client lists and client contact information, and used that information to solicit customers for Glitzy Brows. Plaintiff also alleges that Ramzy stole property from the salon where she had worked, including mirrors, service chairs, chandeliers, and couches, and then used that property, as well as elements of plaintiff's unique and protected trade dress (consisting of walls painted in a particular shade of blue and the use of thick-framed, long, black mirrors; black salon chairs; and overhead chandeliers), in the Glitzy Brows salon, in order to create a likelihood of confusion regarding the origin of defendants' services.

Plaintiff maintains that "[d]efendants' activities in Illinois" support the exercise of personal jurisdiction. (Pl.'s Resp. at 6.) But plaintiff does not point to any activities by defendants (for example, the solicitation of clients or the transaction of business) that occurred in Illinois or were connected to Illinois. Plaintiff cites Ramzy's "receipt of confidential information from [plaintiff's] Illinois headquarters," *id.* at 8, but fails to submit any evidence pertaining to confidential information. Furthermore, plaintiff does not engage in a separate analysis of personal jurisdiction over the corporate defendant, Glitzy Brows, nor does it offer any evidence that Glitzy Brows had any contact whatsoever with Illinois. Because defendants' alleged misconduct occurred entirely in

7

Tennessee, this court's assertion of jurisdiction over defendants with respect to plaintiff's tort claims would be improper. *See Walden*, 571 U.S. at 285 ("[P]laintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over [her].").

This action is dismissed for lack of personal jurisdiction over defendants. Given this conclusion, the Court need not address defendants' remaining arguments for dismissal.

## CONCLUSION

Defendants' motion to dismiss [21] is granted. This action is dismissed without prejudice for lack of personal jurisdiction. Civil case terminated.

**DATE**: November 15, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**